IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHELLE BUTLER, | ) |
| Plaintiff, | ) |
| | ) JURY DEMAND |
| v. | ) |
| | ) |
| ADVANCE TRADING, INC., an Illinois domestic corporation, | ) Case No. 2023-CV-_____ |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, MICHELLE BUTLER (hereinafter referred to as "BUTLER"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, ADVANCE TRADING, INC., an Illinois domestic corporation (hereinafter referred to as "ATI") states as follows:

**I.    JURISDICTION**

1. That this action is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq*, Section 6-101 of the Illinois Human Rights Act, 775 ILCS 5/6-101, *et. seq.*, as well as the Equal Pay Act of 1963, 29 U.S.C. § 206(d). which, together with 28 U.S.C. § 1331, vests this Honorable Court with jurisdiction over this cause.

2. That BUTLER has fully complied with all administrative prerequisites to the filing of this suit. Namely, BUTLER timely filed a "Charge of Discrimination" with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" that BUTLER received from the EEOC is attached hereto and incorporated herein as "Plaintiff's

Exhibit A."

3. That this Complaint is being filed within ninety (90) days of BUTLER's receipt of the aforementioned "Right to Sue Letter."

## II. VENUE

4. That venue is properly placed in the U.S. District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b). BUTLER is a resident of McLean County, Illinois and ATI conducts business and maintains its principal place of business in Bloomington, McLean County, Illinois. Furthermore, the acts complained of herein occurred within the Peoria Division.

## III. PARTIES

5. That BUTLER is a citizen of the United States, a resident of McLean County, Illinois, and is a legal adult over the age of eighteen (18).

6. That ATI is an Illinois domestic corporation authorized to do business in the State of Illinois and conducting business in McLean County, Illinois.

7. At all times relevant herein, ATI employed in excess of fifteen (15) employees and constituted a covered "employer" as defined by 2000e(b) of the Civil Rights Act, 42 U.S.C. § 2000e(b), Sections 2-101(B) of the Illinois Human Rights Act, 775 ILCS 5/2-101(B), and under the applicable provisions of the Equal Pay Act.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times relevant herein, and up to the date of the termination of BUTLER's employment by ATI on May 5, 2022, BUTLER was an employee of ATI. At the time of the termination of her employment, BUTLER was the Human Resources Manager for ATI.

9. BUTLER is a female.

10. BUTLER was hired by ATI in or around December of 2020 at an annual salary of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

11. In or around March of 2021, BUTLER approached her direct supervisor at ATI to discuss certain thoughts and concerns regarding her salary, namely that she was paid less than the prevailing market rate for persons holding a comparable position and performing similar duties in the Bloomington-Normal area including other members of ATI management.

12. That during BUTLER's employment and until August of 2021, Jaci Witte was the Compliance Manager for ATI and was on the management team of ATI. In August of 2021, Jaci Witte was demoted and replaced by James Maus.

13. On and after August 2021, all members of ATI management team other than BUTLER were male.

14. On multiple occasions beginning in approximately March of 2021 and up to May of 2022, BUTLER reported to her supervisor her good faith belief that ATI was engaging in numerous unlawful employment practices, including but not limited to violations of the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act, and corresponding state laws and regulations.

15. BUTLER's supervisor dismissed her concerns, and chided BUTLER for raising the issues with him and for requesting an increase in pay.

16. Following her conversation with her supervisor, BUTLER was subjected to pejorative commentary from ATI management targeted at BUTLER's status as female, including but not limited to insinuating that BUTLER required approval from her husband in order to accept her current rate of pay.

17. ATI further retaliated against and harassed BUTLER by beginning to belittle

BUTLER's job performance, engaging in first-time excessive scrutiny of her work, undercutting BUTLER's discretionary authority in her role as head of the Human Resources Department, and overall subjecting BUTLER to demeaning treatment.

18. BUTLER reported these incidents to the former Chief Executive Officer of ATI, Lee Blank, but received no response or acknowledgement from him nor any indication that ATI would be investigating the situation or initiating any remedial action.

19. In or around July 2021, BUTLER again confronted her supervisor regarding her concerns over her current salary, but was again met with contempt and disparagement from him.

20. BUTLER brought the conversation to the attention of Mr. Blank as CEO, but received no support from him nor indications of an intent to address the situation in any way.

21. On or about April 28, 2022, Lee Blank resigned from his position as CEO of ATI.

22. Drew Moore, who was then President of Business Development of ATI, assumed Mr. Blank's duties as interim CEO, with the assistance of retired ATI President, Phil Reginelli.

23. On or about May 3, 2022, Mr. Moore sent an email which communicated a new performance review process for ATI Broker Assistants, effectively removing BUTLER from participating in the process without any advanced notice or discussion with BUTLER.

24. Prior to the May 3, 2022 email from Mr. Moore, BUTLER, as Human Resources Manager, had been actively involved in performance review meetings for ATI Broker Assistants.

25. Two (2) days thereafter, on May 5, 2022, BUTLER's employment with ATI was involuntarily terminated by ATI.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(d)

1-25. BUTLER incorporates Paragraphs One (1) through Twenty-Five (25), above, in

this Count I as if fully set forth in this Count I.

26. At all times relevant to the matters stated herein, there existed in federal law a statute commonly referred to as the "Equal Pay Act of 1963," found in Title 29, Chapter 8, Section 206(d) of the United States Code.

27. The Equal Pay Act of 1963 prohibits employers conducting business within the United States from discriminating against employees on the basis of sex by paying employees of one sex at a rate less than employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility. 28 U.S.C. §206(d)(1).

28. The work which BUTLER performed for ATI required equal skill, effort, and responsibility to that of similarly situated male members of ATI management.

29. Even though BUTLER's position required equal skill, effort and responsibility to that of similarly situated male members of ATI management, at all times relevant herein, BUTLER was paid lower wages than all other male members of ATI management.

30. At no time during the tenure of her employment with ATI did BUTLER receive an increase in pay which aligned her wages with those of other similarly situated male members of ATI management.

31. At all times relevant herein and up to BUTLER's involuntary termination by ATI on May 5, 2022, BUTLER performed her job duties in a satisfactory manner; and BUTLER was meeting the legitimate business expectations of ATI.

32. ATI's failure to pay BUTLER comparable wages to similarly situated male employees of ATI was grounded in discriminatory motive based on BUTLER's sex; and was without legal justification.

33. ATI's failure to pay BUTLER equal wages to similarly situated male members of ATI management constituted unlawful discrimination against BUTLER in violation of the Equal Pay Act of 1963.

34. As a result of ATI's discriminatory action against BUTLER and its violation of the Equal Pay Act, BUTLER has sustained damages, including but not limited to: lost compensation that BUTLER would have earned had she been paid at a rate equal to that of similarly situated male employees.

35. As a result of the unlawful and willful acts complained of herein, BUTLER has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to pension benefits and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count I of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory and liquidated damages, attorney's fees, and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT,**
**42 U.S.C. § 2000e, et. seq.**

1-35.    BUTLER incorporates Paragraphs One (1) through Thirty-Five (35), above, in this Count II as if fully set forth in this Count II.

36.    Section 2000e-2(a) prohibits an employer from discriminating against any employee with respect to compensation, terms, conditions, or privileges of employment on the basis of the employee's sex. 42 U.S.C. § 2000e-2(a).

37.    As set forth hereinabove, at all times relevant herein, BUTLER was paid lower wages than male members of ATI management.

38.    BUTLER was furthermore subjected to ongoing contemptuous and demeaning treatment by her male superiors at ATI.

39.    The above-described hostility towards BUTLER, as well as ATI's failure to fairly compensate BUTLER for her work, were grounded in discriminatory motive on the basis of BUTLER's sex, in violation of Title VII of the Civil Rights Act.

40.    As a result of ATI's unlawful discriminatory action in violation of Title VII, BUTLER has sustained damages, including but not limited to lost compensation that BUTLER would have earned had she been paid at a rate equal to that of similarly situated male employees, plus loss of time and other resources, and emotional distress.

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count II of Plaintiff's Complaint which grants the following relief:

A.    Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B.  An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C.  Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT,**
**42 U.S.C. §2000e, et. seq.**

1-40.  BUTLER incorporates Paragraphs One (1) through Forty (40), above, in this Count III as if fully set forth in this Count III.

41.  Section 2000e-3(a) of the Civil Rights Act prohibits discrimination by an employer against any employee on the basis that the employee opposed any unlawful employment practice of the employer, or because the employee made a charge, testified, assisted, or participated in any manner in an investigation thereof. 42 U.S.C. § 2000e-3(a).

42.  As set forth above, during her employment with ATI, BUTLER reported numerous unlawful employment practices of ATI to her direct supervisor as well as the ATI CEO, including but not limited to violations of the Family and Medical Leave Act, Americans with Disabilities Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act, and corresponding state laws and regulations.

43.  Neither BUTLER's direct supervisor nor the ATI CEO took any steps to acknowledge or address the concerns raised to them by BUTLER regarding said unlawful practices by ATI.

1:23-cv-01445-JES-JEH   # 1   Filed: 12/13/23   Page 9 of 13

44. As a result of BUTLER's report to her supervisor and the ATI CEO regarding her concerns, her supervisor and the CEO retaliated against BUTLER by reprimanding BUTLER for making her reports, as well as engaging in excessively hostile and demeaning treatment towards BUTLER, including removing BUTLER from participating in employee performance reviews despite her role as Human Resources Manager.

45. When BUTLER brought certain similar concerns to the attention of the interim CEO, Drew Moore, in or around April 2022, ATI further retaliated against BUTLER by involuntarily terminating her employment.

46. The foregoing retaliatory actions by ATI, including but not limited to terminating BUTLER's employment, constitute a violation of Section 2000e-3(a) of the Civil Rights Act.

47. As a result of ATI's discriminatory action against BUTLER and violation of the Civil Rights Act by ATI management personnel, BUTLER has sustained damages, including but not limited to lost compensation that BUTLER would have earned had she not been wrongfully terminated from her position, loss of benefits, loss of time and other resources, and emotional distress.

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count III of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

Page **9** of **13**

C.      Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**COUNT IV**
**DISCRIMINATION IN VIOLATION OF SECTION 2-102 OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/2-102**

1-47.   BUTLER incorporates Paragraphs One (1) through Forty-Seven (47), above, in this Count IV as if fully set forth in this Count IV.

48.     Pursuant to Section 2-102(A) of the Illinois Human Rights Act, it is unlawful for any covered employer to discriminate against its employees with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment, on the basis of the employees' sex. 775 ILCS 5/2-102(A).

49.     As set forth hereinabove, ATI engaged in unlawful discrimination of BUTLER during BUTLER's employment by refusing to fairly compensate BUTLER relative to similarly situated male employees of ATI, as well as subjecting BUTLER to unprofessional, demeaning treatment because of BUTLER's sex.

50.     The above-described discrimination against BUTLER on the basis of her sex constitutes a violation of Section 2-102(A) of the Illinois Human Rights Act.

51.     As a result of ATI's unlawful discriminatory action in violation of the Illinois Human Rights Act, BUTLER has sustained damages, including but not limited to lost compensation that BUTLER would have earned had she been paid at a rate equal to that of

similarly situated male employees, plus loss of time and other resources, and emotional distress and other recoverable damages related thereto.

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count IV of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**COUNT V**
**RETALIATION IN VIOLATION OF SECTION 6-101 OF THE ILLINOIS HUMAN RIGHTS ACT, 775 ILCS 5/6-101**

1-51. BUTLER incorporates Paragraphs One (1) through Fifty-One (51), above, in this Count V as if fully set forth in this Count V.

52. Section 6-101 of the Illinois Human Rights Act provides that it is a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which the employee reasonably and in good faith believes to be unlawful discrimination or sexual harassment in employment, and/or because he has made a charge or filed a complaint,

thereof. 775 ILCS 5/6-101.

53. As set forth hereinabove, BUTLER openly opposed and made reports to her direct supervisor and the former CEO of ATI of BUTLER's good faith belief that ATI was engaging in unlawful employment practices, including but not limited to violations of the Family and Medical Leave Act, Americans with Disabilities Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act, and corresponding state laws and regulations.

54. ATI engaged in numerous retaliatory acts against BUTLER on the basis of her complaints made to senior management personnel of ATI and on the basis of her gender, including but not limited to involuntarily terminating BUTLER'S employment on May 5, 2022. The foregoing retaliatory actions by ATI senior management personnel constitute a civil rights violation under the provisions of Section 6-101 of the Illinois Human Rights Act, 775 ILCS 5/6-101.

55. As a result of ATI's retaliatory actions against BUTLER and violations of the Illinois Human Rights Act, BUTLER has sustained damages, including but not limited to, lost compensation that BUTLER would have earned had she not been wrongfully terminated from her position with ATI, loss of benefits, loss of time and other resources, and emotional distress and other recoverable damages related thereto.

56. As a result of the unlawful and willful acts complained of herein, BUTLER has suffered compensatory damages including, but not limited to lost wages and lost employee benefits, including but not limited to pension benefits and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE

TRADING, INC., ("ATI") on Count V of Plaintiff's Complaint which grants the following relief:

    A.    Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

    B.    An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

    C.    Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**PLAINTIFF, MICHELLE BUTLER, DEMANDS TRIAL BY A JURY ON ALL COUNTS OF THIS COMPLAINT.**

    Respectfully Submitted,

    Plaintiff, MICHELLE BUTLER,

    **/s/ Dawn L. Wall**

By: _____
    Ms. Dawn L. Wall
    ARDC No. 6196948
    Costigan & Wollrab, P.C.
    308 East Washington Street
    Bloomington, Illinois 61702
    Telephone: (309) 828-4310
    Fax: (309) 828-4325
    **dwall@cwlawoffice.com**