UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE BUTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-cv-1445-JES |
| ADVANCE TRADING, INC., an Illinois domestic corporation, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is before the Court on the Defendant Advance Trading, Inc.'s ("ATI") Partial Motion to Dismiss for Failure to State a Claim. Doc. 8. Plaintiff Michelle Butler filed a Response (Doc. 11), and ATI filed a Reply. Doc. 13.[1] For the following reasons, the Motion is GRANTED.

### Background[2]

In her Complaint, Plaintiff asserts five claims against Defendant: Violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (Count I); Discrimination (Count II) and Retaliation (Count III) in Violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. Seq.*; Discrimination in Violation of Section 2-102 of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102 (Count IV); and Retaliation in Violation of Section 6-101 of the IHRA, 775 ILCS 5/6-101. *See* Doc. 1. She also seeks attorney's fees, costs, reinstatement, damages, front pay, and other just relief the Court deems equitable and just. *Id.* at 13.

---

[1] Defendant initially filed a Motion for Leave to File a Reply Brief (Doc. 12), which was granted by the Court. *See* Text Order Dated May 29, 2024.

[2] The Court accepts facts in the Complaint (Doc. 1) as true for the purposes of evaluating a motion to dismiss. *Fehlman v. Mankowski,* 74 F.4th 872, 874 (7th Cir. 2023).

1

Of relevance here, the Motion (Doc. 8) does not seek dismissal of any claims due to the substantive merit of Plaintiff's allegations. Rather, the Motion is solely restricted to challenging whether Plaintiff exhausted her administrative remedies under the IHRA. And so, the Court need only recount Plaintiff's Complaint insofar as it concerns her exhaustion of administrative remedies.

Plaintiff alleges the following, Doc. 1 at 1-2:

> 2. That BUTLER has fully complied with all administrative prerequisites to the filing of this suit. Namely, BUTLER timely filed a "Charge of Discrimination" with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" that BUTLER received from the EEOC is attached hereto and incorporated herein as "Plaintiff's Exhibit A."
>
> 3. That this Complaint is being filed within ninety (90) days of BUTLER's receipt of the aforementioned "Right to Sue Letter."

The Right to Sue Letter was sent to the Parties on September 15, 2023. *See* Doc. 1-1. The Complaint contains no other information concerning Plaintiff's exhaustion of her administrative remedies. Nor does the Complaint include any reference to her correspondence or interaction with the Illinois Department of Human Rights ("IDHR"). The Court now turns to the Motion, in which Defendant moves to dismiss only Counts IV and V of the Complaint. Doc. 8.[3]

**Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing the motion, the Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the nonmovant. *See Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 612 (7th Cir. 2019). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendant on notice as to the nature of the claim and its bases, and it

---

[3] Defendant has otherwise answered the suit and does not move to dismiss Counts I, II, and III. *See* Doc. 7 (Answer).

must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level." *Hardimon v. American River Transp. Co., LLC*, 95 F.4th 1130, 1133 (7th Cir. 2024) (citation omitted).

## Discussion

As noted, Plaintiff asserts two claims under the IHRA. Defendant argues that Plaintiff has not established that she exhausted her administrative remedies as to these claims, and so they must be dismissed. Doc. 8. In her Response, Plaintiff avers that exhaustion is unnecessary as the Court can "exercise original jurisdiction over IHRA claims pursuant to the provisions of 28 U.S.C. §1367(a)," due to the 2008 amendment to the IHRA. Doc. 11 at 2.[4] In the Reply, Defendant argues

---

[4] Plaintiff also urges the Court to deny the motion because a failure to exhaust administrative remedies is an affirmative defense that should be addressed under a Rule 12(c) motion for judgment on the pleadings, rather than a Rule 12(b)(6) motion. Doc. 11 at 3. In the Response, Defendant argues that Rule 12(b)(6) is an adequate tool to challenge Plaintiff's failure to exhaust, as the face of the Complaint clearly lacks the necessary allegations. Doc. 13 at 3-5. The Court agrees with Defendant, and finds the Complaint so lacking as to exhaustion, that the challenge is properly before the Court under Rule 12(b)(6). *See Thomas v. C.H. Robinson Worldwide, Inc.*, MMM-21-1275, 2021 WL 10257557, at *3 (C.D. Ill. Dec. 15, 2021) ("...to support a Rule 12(b)(6) motion to dismiss, the fact that the plaintiff failed to exhaust administrative remedies must appear plainly on the face of the complaint."). Indeed, district courts routinely dismiss IHRA claims for failure to exhaust when raised under Rule 12(b)(6). *See, e.g.*, *Hammond v. Graphic Packaging, Inc.*, CRL-23-3149, 2024 WL 377806 (C.D. Ill. Jan. 31, 2024); *Bakhtiari v. Doe*, SLE-22-2406, 2023 WL 415548, at *4 (N.D. Ill. Jan. 25, 2023); *Baranowska v. Intertek Testing Servs. NA, Inc.*, BWJ-19-6844, 2020 WL 1701860, at *4 (N.D. Ill. Apr. 8, 2020). And, even if Defendant's argument that Plaintiff failed to exhaust her administrative remedies was to be analyzed under Rule 12(b)(1), *see, e.g.*, *Renfro v. Rotary International*, HDL-22-6132, 2023 WL 5487061 (N.D. Ill. Aug. 24, 2023), or Rule 12(c), *see, e.g.*, *Hickman v. Bd. of Educ. of Hinsdale Township*, EEC-23-1102, 2023 WL 9050972, at *2 (N.D. Ill. Dec. 29, 2023), the Court would grant the motion for the same reasons discussed throughout this Order and Opinion.

3

that Plaintiff misrepresented the IHRA 2008 amendment, as it only served to allow a plaintiff to choose whether to litigate her claims with 1) the Illinois Human Rights Commission (the "Commission"), as was previously the case, or 2) an appropriate state or federal court, as was newly permitted under the 2008 amendment. Doc. 13 at 2-3. Defendant argues that a plaintiff must still exhaust her administrative remedies. *Id.* Defendant's position is the right one.

Before initiating suit under the IHRA, a plaintiff must file a charge of discrimination with the IDHR "within 300 days of the claimed violation." *Gonzalzles v. Ferrara Candy Co.*, MFK-23-13838, 2024 WL 640954, at *2 (N.D. Ill. Feb. 15, 2024) (citing 775 ILCS 5/7A-102)). And, if a charge is filed with the EEOC in Illinois, it is automatically cross-filed with the IDHR. *See* 775 ILCS 5/7A-102(A-1)(1). "If the EEOC is the governmental agency designated to investigate the charge first," the IDHR will "take no action until the EEOC makes a determination on the charge." *Id.* "In such cases, after receiving notice from the EEOC that a charge was filed, the" IDHR notifies the parties that, *inter alia*, the EEOC is investigating the charge and the charge "has been sent to the [IDHR] for dual filing purposes." *Id.*

After the EEOC makes its determination, the IHRA requires that the complainant "submit a copy of the EEOC's determination [to the IDHR] within 30 days after service of the determination by the EEOC on [the] complainant." *Id.* "At that time, the IDHR will either accept this determination or begin an independent investigation." *Surgit v. City of Chi.*, EEC-19-7630, 2023 WL 2746000, at *4 (N.D. Ill. Mar. 31, 2023) (citing 775 ILCS 5/7A-102(A-1)(1)(iv)). "Courts may not hear IHRA claims until the [IDHR] has made a determination as to whether there is substantial evidence of an IHRA violation and either notified a complainant of her right to proceed or dismissed the claim." *Scott v. City of Kewanee*, SLD-13-1292, 2014 WL 1302025, at *4 (C.D. Ill. Mar. 28, 2014) (citing 775 ILCS 5/7A–102(B), (C)(4), (D)(4)). And, properly

4

exhausted IHRA claims may be heard by the Commission, Illinois circuit courts, or federal courts. *See Clark v. Olin Winchester, LLC*, ___ F. Supp. 3d ___, 2024 WL 1193661, at *11 (S.D. Ill. 2024) (citing *De v. City of Chi.*, 912 F. Supp. 2d 709, 731-32 (N.D. Ill. 2012) (collecting cases)).[5]

Here, the Complaint is bereft of any crucial allegations concerning exhaustion under the IHRA. Plaintiff has not alleged that she forwarded the EEOC's determination to the IDHR. Nor has Plaintiff alleged that the IDHR dismissed the charges, accepted the EEOC's determination, or began its own investigation. Indeed, the only possible support for her exhaustion under the IHRA is the allegation that she "…has fully complied with all administrative prerequisites to the filing of this suit." Doc. 1 at 1. However, this vague and conclusory assertion cannot establish exhaustion. *Cf. Smuk v. Specialty Foods Grp., Inc.*, JRB-13-8282, 2015 WL 969969, at *1 (N.D. Ill. Mar. 2, 2015) ("Thus, although Smuk alleges in his amended complaint that he exhausted his administrative remedies, the Court need not accept that as true."). And, the Court notes that Plaintiff, in her Response, does not dispute her failure to exhaust administrative remedies with the IHRA. At most, she suggests (Doc. 11 at 3) that her Right to Sue Letter (Doc. 1-1) somehow saves her IHRA claims. This proposition is unavailing. *See Laurie v. BeDell*, DRH-16-759, 2017 WL 1076940, at *4 (S.D. Ill. Mar. 22, 2017) ("Defendant is correct that receiving a right-to-sue letter from the EEOC is not sufficient to establish the exhaustion of administrative remedies pursuant to the IHRA.") (citations omitted).[6] Accordingly, Plaintiff's failure to include a single non-

---

[5] The law is not well-settled as to whether an IHRA claim may be heard by a federal court if the IDHR dismissed the charge for lack of jurisdiction. *Compare Goldberg v. Chi. Sch. for Piano Tech., NFP*, JHL-14-1440, 2015 WL 468792, at *3 (N.D. Ill. Feb. 3, 2015*), with Winkelman v. Cont'l Nursing and Rehab. Ctr., LLC*, MSS-20-2480, 2021 WL 5034833, at *4 n.9 (N.D. Ill. Feb. 1, 2021).

[6] Although not dispositive of exhaustion, Plaintiff also fails to allege that the IDHR notified the Parties, as is required by statute, that the charge was cross-filed and subject to investigation by the EEOC.

conclusory allegation as to her exhaustion of administrative remedies under the IHRA, including her failure to allege that she forwarded the EEOC's determination to the IDHR within the 30-day period, necessarily defeats her claim. *See e.g.*, *Donald v. City of Chi.*, 539 F. Supp. 3d 912, 921 (N.D. Ill. 2021) ("The City contends that Ms. Donald's failure to forward the EEOC determination to the IDHR within the 30-day period dooms her claim. I agree.").

## Conclusion

Whether Plaintiff "complied with the Illinois statute is a question easily answered," and yet, her pleadings have failed to shed any meaningful light as to whether she properly exhausted her IHRA claims. *Jafri v. Signal Funding LLC*, TMD-19-645, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019). In light of the foregoing, the Court must grant the Motion (Doc. 8), as Plaintiff has failed to adequately allege exhaustion of her administrative remedies under the IHRA. Therefore, Counts IV and V in the Complaint are dismissed without prejudice. Plaintiff may file an amended complaint, within 21 days of this order, either dropping Counts IV and V or providing the necessary allegations to establish exhaustion of her administrative remedies under the IHRA. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile.") (citations omitted).

Entered on this 4th day of June 2024.

*s/ James E. Shadid*
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE