**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MICHELLE BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2023-CV-01445 |
| v. | ) |
| | ) |
| ADVANCE TRADING, INC., an Illinois domestic corporation, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, ADVANCE TRADING, INC. ("ATI" or "Defendant"), by and through its attorneys, Gordon Rees Scully & Mansukhani, LLP, and for its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, MICHELLE BUTLER ("Butler" or "Plaintiff"), states as follows:

**I.    JURISDICTION**

1. That action is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq*, Section 6-101 of the Illinois Human Rights Act, 775 ILCS 5/6-101, *et. seq*., as well as the Equal Pay Act of 1963, 29 U.S.C. § 206(d). which, together with 28 U.S.C. § 1331, vests this Honorable Court with jurisdiction over this cause.

**ANSWER: Defendant admits Plaintiff's First Amended Complaint includes claims pursuant to Title VII of the Civil Rights Act and the Equal Pay Act. Defendant denies it violated Title VII of the Civil Rights Act or the Equal Pay act in any way, and denies Plaintiff is entitled to any relief whatsoever. Defendant further denies any remaining allegations in Paragraph 1.**

2. That BUTLER has fully complied with all administrative prerequisites to the filing of this suit. Namely, BUTLER timely filed a "Charge of Discrimination" with the U.S. Equal

Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" that BUTLER received from the EEOC is attached hereto and incorporated herein as "Plaintiff's Exhibit A."

**ANSWER:** **The allegations in Paragraph 2 contain legal conclusions to which no response is required. To the extent an answer is required, Defendant admits Plaintiff filed a "Charge of Discrimination" with the EEOC and received a "Right to Sue Letter" from the EEOC. Defendant denies any remaining allegations in Paragraph 2.**

3. That this Complaint is being filed within ninety (90) days of BUTLER's receipt of the aforementioned "Right to Sue Letter."

**ANSWER:** **Defendant admits that Plaintiff filed this Complaint within ninety (90) days from the date on the EEOC's "Right to Sue Letter." Defendant denies any remaining allegations in Paragraph 3.**

## II. VENUE

4. That venue is properly placed in the U.S. District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b). BUTLER is a resident of McLean County, Illinois and ATI conducts business and maintains its principal place of business in Bloomington, McLean County, Illinois. Furthermore, the acts complained of herein occurred within the Peoria Division.

**ANSWER:** **The allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent an answer is required, upon information and belief, Defendant admits that Plaintiff is a resident of McLean County, Illinois. Defendant further admits it conducts business and maintains its principal place of business in Bloomington, McLean County, Illinois. Defendant denies any remaining allegations in Paragraph 4.**

## III. PARTIES

5. That BUTLER is a citizen of the United States, a resident of McLean County, Illinois, and is a legal adult over the age of eighteen (18).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in Paragraph 5.**

6. That ATI is an Illinois domestic corporation authorized to do business in the State of Illinois and conducting business in McLean County, Illinois.

**ANSWER:** **Defendant admits the allegations in Paragraph 6.**

7. At all times relevant herein, ATI employed in excess of fifteen (15) employees and constituted a covered "employer" as defined by 2000e(b) of the Civil Rights Act, 42 U.S.C. § 2000e(b), Sections 2-101(B) of the Illinois Human Rights Act, 775 ILCS 5/2-101(B), and under the applicable provisions of the Equal Pay Act.

**ANSWER:** **Defendant admits it is an "employer" as defined by Title VII, the Illinois Human Rights Act, and the Equal Pay Act. Defendant denies the remaining allegations in Paragraph 7.**

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times relevant herein, and up to the date of the termination of BUTLER's employment by ATI on May 5, 2022, BUTLER was an employee of ATI. At the time of the termination of her employment, BUTLER was the Human Resources Manager for ATI.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in Paragraph 8.**

9. BUTLER is a female.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in Paragraph 9.**

10. BUTLER was hired by ATI in or around December of 2020 at an annual salary of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in Paragraph 10.**

11. In or around March of 2021, BUTLER approached her direct supervisor at ATI to discuss certain thoughts and concerns regarding her salary, namely that she was paid less than the prevailing market rate for persons holding a comparable position and performing similar duties in

the Bloomington-Normal area including other members of ATI management.

**ANSWER:**     **Defendant denies the allegations in Paragraph 11.**

12.     That during BUTLER's employment and until August of 2021, Jaci Witte was the Compliance Manager for ATI and was on the management team of ATI. In August of 2021, Jaci Witte was demoted and replaced by James Maus.

**ANSWER:**     **Defendant denies the allegations in Paragraph 12.**

13.     On and after August 2021, all members of ATI management team other than BUTLER were male.

**ANSWER:**     **Defendant denies the allegation in Paragraph 13.**

14.     On multiple occasions beginning in approximately March of 2021 and up to May of 2022, BUTLER reported to her supervisor her good faith belief that ATI was engaging in numerous unlawful employment practices, including but not limited to violations of the Family and Medical Leave Act, the Americans with Disabilities Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act, and corresponding state laws and regulations.

**ANSWER:**     **Defendant denies the allegations in Paragraph 14.**

15.     BUTLER's supervisor dismissed her concerns, and chided BUTLER for raising the issues with him and for requesting an increase in pay.

**ANSWER:**     **Defendant denies the allegations in Paragraph 15.**

16.     Following her conversation with her supervisor, BUTLER was subjected to pejorative commentary from ATI management targeted at BUTLER's status as female, including but not limited to insinuating that BUTLER required approval from her husband in order to accept her current rate of pay.

**ANSWER:**     **Defendant denies the allegations in Paragraph 16.**

17. ATI further retaliated against and harassed BUTLER by beginning to belittle BUTLER's job performance, engaging in first-time excessive scrutiny of her work, undercutting BUTLER's discretionary authority in her role as head of the Human Resources Department, and overall subjecting BUTLER to demeaning treatment.

**ANSWER:     Defendant denies the allegations in Paragraph 17.**

18. BUTLER reported these incidents to the former Chief Executive Officer of ATI, Lee Blank, but received no response or acknowledgement from him nor any indication that ATI would be investigating the situation or initiating any remedial action.

**ANSWER:     Defendant denies the allegations in Paragraph 18.**

19. In or around July 2021, BUTLER again confronted her supervisor regarding her concerns over her current salary, but was again met with contempt and disparagement from him.

**ANSWER:     Defendant denies the allegations in Paragraph 19.**

20. BUTLER brought the conversation to the attention of Mr. Blank as CEO, but received no support from him nor indications of an intent to address the situation in any way.

**ANSWER:     Defendant denies the allegations in Paragraph 20.**

21. On or about April 28, 2022, Lee Blank resigned from his position as CEO of ATI.

**ANSWER:     Defendant admits the allegations in Paragraph 21.**

22. Drew Moore, who was then President of Business Development of ATI, assumed Mr. Blank's duties as interim CEO, with the assistance of retired ATI President, Phil Reginelli.

**ANSWER:     Defendant denies that Drew Moore was interim CEO, but admits the remaining allegations in Paragraph 22.**

23. On or about May 3, 2022, Mr. Moore sent an email which communicated a new performance review process for ATI Broker Assistants, effectively removing BUTLER from participating in the process without any advanced notice or discussion with BUTLER.

**ANSWER:** **Defendant denies the allegations in Paragraph 23.**

24. Prior to the May 3, 2022 email from Mr. Moore, BUTLER, as Human Resources Manager, had been actively involved in performance review meetings for ATI Broker Assistants.

**ANSWER:** **Defendant admits Plaintiff was involved in employee performance review tasks as Human Resources Manager, but denies the remaining allegations in Paragraph 24.**

25. Two (2) days thereafter, on May 5, 2022, BUTLER's employment with ATI was involuntarily terminated by ATI.

**ANSWER:** **Defendant admits ATI terminated Plaintiff's employment on May 5, 2022. Defendant denies the remaining allegations in Paragraph 25.**

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C. § 206(d)

1-25. BUTLER incorporates Paragraphs One (1) through Twenty-Five (25), above, in this Count I as if fully set forth in this Count I.

**ANSWER:** **Defendant incorporates its answers to Paragraphs One (1) through Twenty-Five (25), above, in its answers to this Count I as if fully set forth in this Count I.**

26. At all times relevant to the matters stated herein, there existed in federal law a statute commonly referred to as the "Equal Pay Act of 1963," found in Title 29, Chapter 8, Section 206(d) of the United States Code.

**ANSWER:** **Defendant admits the existence of the "Equal Pay Act of 1963," but denies any liability thereunder. Defendant denies the remaining allegations in Paragraph 26.**

27. The Equal Pay Act of 1963 prohibits employers conducting business within the United States from discriminating against employees on the basis of sex by paying employees of one sex at a rate less than employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility. 28 U.S.C. §206(d)(1).

**ANSWER:** **The allegations in Paragraph 27 contain statements of law and/or legal conclusions to which no response is required. To the extent a response is required, Defendant asserts that the Equal Pay Act of 1963 speaks for itself, and denies any liability thereunder.**

28. That work which BUTLER performed for ATI required equal skill, effort, and responsibility to that of similarly situated male members of ATI management.

**ANSWER:** **Defendant denies the allegations in Paragraph 28.**

29. Even though BUTLER's position required equal skill, effort and responsibility to that of similarly situated male members of ATI management, at all times relevant herein, BUTLER was paid lower wages than all other male members of ATI management.

**ANSWER:** **Defendant denies the allegations in Paragraph 29.**

30. At no time during the tenure of her employment with ATI did BUTLER receive an increase in pay which aligned her wages with those of other similarly situated male members of ATI management.

**ANSWER:** **Defendant denies the allegations in Paragraph 30.**

31. At all times relevant herein and up to BUTLER's involuntary termination by ATI on May 5, 2022, BUTLER performed her job duties in a satisfactory manner; and BUTLER was meeting the legitimate business expectations of ATI.

**ANSWER:** **Defendant denies the allegations in Paragraph 31.**

32. ATI's failure to pay BUTLER comparable wages to similarly situated male employees of ATI was grounded in discriminatory motive based on BUTLER's sex; and was without legal justification.

**ANSWER:** **Defendant denies the allegations in Paragraph 32.**

33. ATI's failure to pay BUTLER equal wages to similarly situated male members of ATI management constituted unlawful discrimination against BUTLER in violation of the Equal Pay Act of 1963.

**ANSWER:** **Defendant denies the allegations in Paragraph 33.**

34. As result of ATI's discriminatory action against BUTLER and its violation of the Equal Pay Act, BUTLER has sustained damages, including but not limited to: lost compensation that BUTLER would have earned had she been paid at a rate equal to that of similarly situated male employees.

**ANSWER:** **Defendant denies the allegations in Paragraph 34.**

35. As a result of the unlawful and willful acts complained of herein, BUTLER has suffered compensatory damages including, but not limited to, lost wages and lost employee benefits, including, but not limited to pension benefits and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto.

**ANSWER:** **Defendant denies the allegations in Paragraph 35.**

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count I of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory and liquidated damages, attorney's fees, and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief whatsoever, including the**

relief requested above in subparagraphs (A)-(C).

## COUNT II
## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000e, et. seq.

1-35.  BUTLER incorporates Paragraphs One (1) through Thirty-Five (35), above, in this Count II as if fully set forth in this Count II.

**ANSWER:  Defendant incorporates its answers to Paragraphs One (1) through Thirty-Five (35), above, in its answers to this Count II as if fully set forth in this Count II.**

36.  Section 2000e-2(a) prohibits an employer from discriminating against any employee with respect to compensation, terms, conditions, or privileges of employment on the basis of the employee's sex. 42 U.S.C. § 2000e-2(a).

**ANSWER:  The allegations in Paragraph 36 contain statements of law and/or legal conclusions to which no response is required. To the extent a response is required, Defendant asserts that Section 2000e-2(a) speaks for itself, and denies any liability thereunder.**

37.  As set forth hereinabove, at all times relevant herein, BUTLER was paid lower wages than male members of ATI management.

**ANSWER:  Defendant denies the allegations in Paragraph 37.**

38.  BUTLER was furthermore subjected to ongoing contemptuous and demeaning treatment by her male superiors at ATI.

**ANSWER:  Defendant denies the allegations in Paragraph 38.**

39.  The above-described hostility towards BUTLER, as well as ATI's failure to fairly compensate BUTLER for her work, were grounded in discriminatory motive on the basis of BUTLER's sex, in violation of Title VII of the Civil Rights Act.

**ANSWER:  Defendant denies the allegations in Paragraph 39.**

40.  As a result of ATI's unlawful discriminatory action in violation of Title VII, BUTLER has sustained damages, including but not limited to lost compensation that BUTLER

would have earned had she been paid at a rate equal to that of similarly situated male employees, plus loss of time and other resources, and emotional distress.

**ANSWER:** **Defendant denies the allegations in Paragraph 40.**

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count II of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**ANSWER:** **Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief requested above in subparagraphs (A)-(C).**

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, 42**
**U.S.C. § 2000e, et. seq.**

1-40.   BUTLER incorporates Paragraphs One (1) through Forty (40), above, in this Count III as if fully set forth in this Count III.

**ANSWER:** **Defendant incorporates its answers to Paragraphs One (1) through Forty (40), above, in its answers to this Count III as if fully set forth in this Count III.**

41.   Section 2000e-3(a) of the Civil Rights Act prohibits discrimination by an employer

against any employee on the basis that the employee opposed any unlawful employment practice of the employer, or because the employee made a charge, testified, assisted, or participated in any manner in an investigation thereof. 42 U.S.C. § 2000e-3(a).

**ANSWER:** **The allegations in Paragraph 41 contain statements of law and/or legal conclusions to which no response is required. To the extent a response is required Defendant asserts that Section 2000e-3(a) of the Civil Rights Act speaks for itself, and denies any liability thereunder.**

42. As set forth above, during her employment with ATI, BUTLER reported numerous unlawful employment practices of ATI to her direct supervisor as well as the ATI CEO, including but not limited to violations of the Family and Medical Leave Act, Americans with Disabilities Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act, and corresponding state laws and regulations.

**ANSWER:** **Defendants denies the allegations in Paragraph 42.**

43. Neither BUTLER's direct supervisor nor the ATI CEO took any steps to acknowledge or address the concerns raised to them by BUTLER regarding said unlawful practices by ATI.

**ANSWER:** **Defendant denies the allegations in Paragraph 43.**

44. As a result of BUTLER's report to her supervisor and the ATI CEO regarding her concerns, her supervisor and the CEO retaliated against BUTLER by reprimanding BUTLER for making her reports, as well as engaging in excessively hostile and demeaning treatment towards BUTLER, including removing BUTLER from participating in employee performance reviews despite her role as Human Resources Manager.

**ANSWER:** **Defendant denies the allegations in Paragraph 44.**

45. When BUTLER brought certain similar concerns to the attention of the interim CEO, Drew Moore, in or around April 2022, ATI further retaliated against BUTLER by

involuntarily terminating her employment.

**ANSWER:**    **Defendant denies the allegations in Paragraph 45.**

46.    The foregoing retaliatory actions by ATI, including but not limited to terminating BUTLER's employment, constitute a violation of Section 2000e-3(a) of the Civil Rights Act.

**ANSWER:**    **Defendant denies the allegations in Paragraph 46.**

47.    As a result of ATI's discriminatory action against BUTLER and violation of the Civil Rights Act by ATI management personnel, BUTLER has sustained damages, including but not limited to lost compensation that BUTLER would have earned had she not been wrongfully terminated from her position, loss of benefits, loss of time and other resources, and emotional distress.

**ANSWER:**    **Defendant denies the allegations in Paragraph 47.**

WHEREFORE, the Plaintiff, MICHELLE BUTLER, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ADVANCE TRADING, INC., ("ATI") on Count III of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to her position with ATI with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including punitive damages, attorney's fees and costs, in an amount that will fully and fairly compensate her for her injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of employment, and for any and all further relief that this Honorable Court deems equitable and just.

**ANSWER:** Defendant denies Plaintiff is entitled to any relief whatsoever, including the relief requested above in subparagraphs (A)-(C).

**WHEREFORE, Defendant respectfully requests that this Honorable Court enter a Judgment in its favor and against Plaintiff, together with an award of costs and fees, including reasonable attorney's fees, and grant any such other relief as the Court deems just and appropriate.**

## AFFIRMATIVE DEFENSES

Defendant, Advance Trading, Inc. ("ATI" or "Defendant"), through its counsel, hereby submits the following affirmative and additional defenses it may rely upon in defense of Plaintiff's Complaint. These defenses are based on the currently available information and investigation and may be added to, modified, or withdrawn as the investigation and discovery continues. Defendant reserves the right to amend the affirmative defenses if it appears at any time that additional information is available and supports to the same. In asserting these defenses, Defendant does not assume or concede that it has the burden of production or proof as to any of them, except as to those defenses as to which Defendant bears the burden of proof as a matter of law.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. To the extent Plaintiff asserts or relies on events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are time-barred.

3. Any alleged damages claimed outside the applicable statute of limitation periods, including but not limited to, under the Equal Pay Act, are barred.

4. Plaintiff's claims under the Equal Pay Act of 1963 are barred in whole or in part because no male employee received higher wages for work requiring substantially similar skill, effort, and responsibilities, and performed under similar working conditions as the Plaintiff. No

material changes to Plaintiff's job duties and responsibilities occurred when Plaintiff's title changed from "Human Resources Coordinator" to "Human Resources Manager" in or around July of 2021.

5.  Plaintiff's claims are barred in whole or in part because all of Defendant's decisions and actions with respect to Plaintiff's employment were made for legitimate, nondiscriminatory, non-pretextual reasons unrelated to Plaintiff's sex or complaints.

6.  Assuming, arguendo, that Plaintiff is able to establish that her sex played any role in the employment decisions about which Plaintiff complains in her Complaint, which Defendant denies, Defendant would have made the same decisions even in the absence of any unlawful consideration.

7.  Any allegations, claims, or parties in Plaintiff's Complaint that were not included in her EEOC charge of discrimination are barred and should be dismissed for failure to exhaust her administrative remedies regarding such allegations, claims and/or parties.

8.  Any damages Plaintiff claims to have suffered were the result of Plaintiff's own acts or omissions, thereby barring Plaintiff's claims, in whole or in part.

9.  Defendant alleges that it has not engaged in intentional discrimination, willful and wanton conduct, or acted with malice, evil motive, reckless indifference, or fraud toward Plaintiff, and therefore cannot be liable for punitive or liquidated damages.

10. Plaintiff is not entitled to punitive damages because Plaintiff has not pled and cannot prove facts sufficient to support such an award.

11. All actions by Defendant with regard to Plaintiff, if any, were lawful and were made in good faith compliance with applicable provisions of law, rules and regulations. Therefore, if Plaintiff was to prevail on any of her claims, he would not be entitled to any liquidated, punitive,

or other damages.

12. To the extent Plaintiff suffered any damages as a result of Defendant's actions, which is denied, Plaintiff's prayer for relief fails to the extent she has failed to mitigate her damages as required by law. Alternatively, if Plaintiff did mitigate her alleged damages, Defendant is entitled to an offset.

WHEREFORE, having answered Plaintiff's First Amended Complaint, Defendant respectfully requests that all claims be dismissed and that judgment enter in its favor for costs and attorneys' fees, and such other relief as this Court deems appropriate.

Dated: July 15, 2024

Respectfully submitted,

ADVANCE TRADING, INC.

By: __/s/ Susan Best__
　　　One of its Attorneys

Susan Best (#6302403)
Jessica Petrovski (#6339513)
**Gordon Rees Scully Mansukhani LLP**
1 N. Franklin St., Suite 800
Chicago, IL 60606
Tel: (312) 565-1400
Fax: (312) 565-6511
sjbest@grsm.com
jpetrovski@grsm.com

## CERTIFICATE OF SERVICE

      I, Susan J. Best, an attorney of record, hereby state that on July 15, 2024, I electronically filed the above ***Defendant Advance Trading, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint*** using the Court's CM/ECF Filing System, which will send electronic notice to all counsel of record.

      By:   */s/ Susan J. Best*

Dawn L. Wall (#6196948)
dwall@cwlawoffice.com

**COSTIGAN & WOLLRAB, P.C.**
308 East Washington Street
Bloomington, Illinois 61702
Tel: (309) 828-4310
Fax: (309) 828-4325
*Attorney for Plaintiff*
MICHELLE BUTLER